# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BRADLEY L. BROWN, II, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:10-CV-1364-CAS ) |
| CHRIS KOSTER and STEVE LARKINS, | ) ) |
| Respondents. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon petitioner's application for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having reviewed the petition, the Court will order petitioner to show cause as to why the Court should not dismiss the instant petition as time-barred under 28 U.S.C. § 2244(d)(1).

## The Petition

Petitioner, an inmate at the Eastern Reception and Diagnostic Correctional Center, seeks release from confinement pursuant to 28 U.S.C. § 2254. Petitioner challenges his February 23, 2001 jury conviction for possession of a controlled substance. On direct appeal in March 2002, the Missouri Court of Appeals affirmed the conviction and sentence. Thereafter, petitioner filed a Rule 29.15 motion for post-conviction relief. The motion was denied on May 12, 2006, and no appeal was filed. In August 2008, petitioner filed a motion to reopen his post-conviction proceeding on the

ground that counsel's failure to file a timely notice of appeal constituted abandonment. In September 2008, petitioner's motion was granted; however, in June 2009, the Missouri Court of Appeals reversed and remanded with instructions to vacate the judgment, reinstate the May 2006 judgment, and deny petitioner's motion to reopen his post-conviction proceeding. See Brown v. State, 289 S.W.3d 792 (Mo. App. 2009)(setting forth procedural history).

## Discussion

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a district court may summarily dismiss a petition for a writ of habeas corpus if it plainly appears that the petitioner is not entitled to relief.

A review of the instant petition indicates that it is time-barred under 28 U.S.C. § 2244(d)(1)[1] and is subject to summary dismissal. Petitioner's Rule 29.15 motion was denied on May 12, 2006; however, the instant application for federal habeas corpus relief was not filed until July 2010, well after the running of the one-year limitations period.[2]

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis is **GRANTED**. [Doc. 4]

---

[1] Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (enacted on April 24, 1996), amended 28 U.S.C. § 2244 by adding a one-year limitations period to petitions for writs of habeas corpus.

[2] Although the AEDPA's one-year limitations period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review," 28 U.S.C. § 2244(d)(2), a state court filing submitted after the AEDPA deadline does not toll the limitations period. Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). In the instant case, petitioner's Rule 29.15 motion for post-conviction relief was denied on May 12, 2006, and no appeal was filed. Over two years lapsed before petitioner filed his August 2008 motion to reopen his post-conviction proceeding. As such, the instant action appears to be time-barred.

**IT IS FURTHER ORDERED** that no order to show cause shall issue at this time as to respondent, because the instant petition appears to be time-barred under 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant application for a writ of habeas corpus as time-barred. Petitioner's failure to file a show cause response shall result in the denial of the instant habeas corpus petition and the dismissal of this action as time-barred.

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this 3rd day of November, 2010.